Date of Filing:

Plaintiff designates Orange County as the place of trial.

The basis of venue is the Plaintiff's residence address.

811 Tower Ridge Circle, Middletown, NY 10941

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

TISHYLA NELSON,

        Plaintiff,

-against-

WAL-MART STORES EAST, LP,

        Defendant.

**SUMMONS**
**INDEX NO.:**

To the above-named Defendant:

YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within - 20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

        **SOBO & SOBO, LLP**

        Jane C.M. Colthirst, Esq.
        Attorneys for Plaintiff
        One Dolson Avenue
        Middletown, NY 10940
        (845) 343-7626

Dated: July 21, 2020
       Middletown, New York

Defendant's address: See Complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
---------------------------------------------------------------------X
TISHYLA NELSON,

                          Plaintiff,        **VERIFIED COMPLAINT**

   -against-                                     Index No.:

WAL-MART STORES EAST, LP,

                          Defendant.
---------------------------------------------------------------------X

     Plaintiff, TISHYLA NELSON, by her attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein alleges the following:

1. That at all times hereinafter mentioned, the Plaintiff was and still is a resident of the County of Orange, State of New York.

2. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was and still is a foreign limited partnership duly authorized to do business within the State of New York.

3. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was and still is a business entity doing business within the State of New York.

4. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was the owner of a certain premises located at 141 Washington Ave Ext, Albany, NY 12205 known as "Walmart Supercenter," designated as Store Number 2152.

5. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, maintained the aforesaid premises.

6. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, managed the aforesaid premises.

7. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, controlled the aforesaid premises.

8. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, operated the aforesaid premises.

9. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was the lessee of the aforesaid premises.

10. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was the lessor of the aforesaid premises.

11. That at all times hereinafter mentioned, the aisle near the cleaning supplies, located on the aforesaid premises, was the situs of the within accident.

12. That on or about the 21st day of August 2019, while this Plaintiff was lawfully upon the aforesaid premises, she was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

13. The negligent, wanton, reckless, and careless acts of the Defendant, their agents, servants, and/or employees were a cause of the accident and resultant injuries.

14. That the Defendant, their agents, servants, and/or employees were negligent, wanton, reckless, and careless in, among other things, allowing, causing, and/or permitting dangerous, hazardous, slippery, and/or unsafe conditions to exist on the aforesaid premises; by not providing adequate maintenance and clean up staff to respond to spills in the aisle; in acting with reckless disregard for the safety of others, and the Defendant, their agents, servants, and/or employees were in other ways negligent, wanton, reckless and careless.

15. That the Defendant, their agents, servants, and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the Defendant could have and should have had knowledge and notice thereof and further, the Defendant, their agents, servants, and/or employees created said condition.

16. The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

17. That by reason of the foregoing, this Plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement, and loss of body function. Further, this Plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the Plaintiff further was caused to lose substantial periods of time from her place of employment, as well as normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

18. That by reason of the foregoing, this Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

Dated: July 21, 2020
Middletown, New York

By: June C.M. Colthirst, Esq.,
**SOBO & SOBO, L.L.P.**
*Attorneys for Plaintiff(s)*
One Dolson Avenue
Middletown, New York 10940
(845) 343-0466

TO: WAL-MART STORES EAST, LP
Care of Secretary of State
Albany, New York

## VERIFICATION

STATE OF NEW YORK, )
) ss:
COUNTY OF ORANGE )

TISHYLA NELSON, being duly sworn says; I am the Plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
TISHYLA NELSON

Sworn to before me on this

February 7, 2020

_____
NOTARY PUBLIC

WILLIAM THONUS
Notary Public, State of New York
No. 02TH6328121
Qualified in Orange County
Commission Expires July 27, 20 23